IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE ABNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-875-WKW |
| ) | [WO] |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

### I. INTRODUCTION

Plaintiff Willie Abner filed this *pro se* complaint under 42 U.S.C. § 1983 against three Defendants: The State of Alabama; Judge Goggans; and Investigator Davis. (Doc. # 1 at 1.) For the following reasons, Plaintiff's claims must be dismissed—some with prejudice and some without—pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2).

### II. STANDARD OF REVIEW

Plaintiff, an inmate incarcerated at the Chilton County Jail, is proceeding *in forma pauperis* (IFP). (Doc. # 4.) Under the IFP provisions of § 1915, any complaint filed is subject to mandatory court review. Because Plaintiff is seeking redress from the State of Alabama and governmental officials, the complaint also is subject to screening under 28 U.S.C. § 1915A. Sections 1915 and 1915A require

the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii); § 1915A(b)(1)–(2).[1]

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law." *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. Such claims include those where "it is clear that the defendants are immune from suit" and claims alleging infringement of a legal interest that "clearly does not exist." *Id.* (citation omitted).

Moreover, a complaint must be dismissed at the statutory screening stage if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii); § 1915A(b)(1). This review follows the same standard governing dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] The language in § 1915(e)(2)(B)(i)–(iii) is nearly identical to the language in § 1915A(b)(1)–(2). The Eleventh Circuit applies the same standards when evaluating complaints under both statutes. *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would have been the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical). Therefore, this court applies the Eleventh Circuit's interpretation of one statute to the other.

*See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  To meet the plausibility standard, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The allegations should present a "plain statement possessing enough heft to show that the pleader is entitled to relief."  *Twombly*, 550 U.S. at 557 (cleaned up).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, the court cannot "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 662.

## III.  THE COMPLAINT'S ALLEGATIONS

Plaintiff sues the State of Alabama; the Honorable Glenn Goggans, District Judge for the Elmore County District Court; and Investigator Davis with the Wetumpka police department.  (Doc. # 1 at 1, 2.)  He filed this action on October 30, 2025,[2] challenging his arrest and prosecution in the state district court.

Plaintiff alleges three grounds for relief.  First, Plaintiff avers that during his preliminary hearing in August 2025, Investigator Davis "lied to Judge Goggans."  (Doc. # 1 at 3.)  The alleged perjured testimony included statements that Plaintiff had not agreed to testify and that he had pending county charges.[3]  Plaintiff contends that Investigator Davis's false testimony rendered the preliminary hearing unfair and violated due process.  (Doc. # 1 at 2–3.)

Second, Plaintiff alleges a violation of a right to the "pursuit of happiness."  (Doc. # 1 at 3.)  He asserts that during his "verbal testimony" at the Wetumpka police station on July 1, 2025, Investigator Davis interrupted him and threatened him with arrest, stating that he could have Plaintiff "arrested and charged" even if Plaintiff

---

[2] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Plaintiff signed and dated his § 1983 complaint "10-30-2025."  (Doc. # 1 at 6.)

[3] These allegations appear to relate back to July 1, 2025, when Plaintiff says Investigator Davis questioned him at the Wetumpka police station.  Plaintiff alleges that on that date he "sign[ed] an affidavit agreeing to give verbal testimony."  (Doc. # 1 at 3.)

posted bond. (Doc. # 1 at 3.) Plaintiff contends that these actions contributed to his incarceration and led to the loss of his personal belongings, vehicle, employment, and homes. (Doc. # 1 at 3.)

Third, Plaintiff alleges that during the August 2025 preliminary hearing, Judge Goggans disregarded exculpatory evidence, including statements from the principal actor in the alleged crime affirming Plaintiff's innocence and lack of involvement. He further alleges that Judge Goggans improperly restricted his ability to speak on his own behalf, for example, by preventing him from recross-examining a witness and instructing him to "be quiet." (Doc. # 1 at 3.)

Plaintiff seeks monetary damages for alleged violations of his constitutional rights, including compensation for time he unjustly spent in jail for a crime he says he did not commit. (Doc. # 1 at 4.) He also seeks compensation for the loss of his personal belongings, vehicle, homes, and other financial losses allegedly resulting from the constitutional violations. Finally, he requests dismissal of the state criminal charges brought against him by Investigator Davis. (Doc. # 1 at 4.)

## IV. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

> shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

§ 1983. To state a claim under § 1983, a plaintiff must plead two essential elements: first, that the alleged conduct was carried out by a person acting under color of state law; and second, that such conduct deprived the plaintiff of rights secured by the United States Constitution or laws of the United States. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

### A. State of Alabama's Status Under § 1983: Not a "Person" and Has Eleventh Amendment Immunity

The State of Alabama cannot be held liable in a lawsuit brought under § 1983 for two reasons. First, the State of Alabama is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Second, the Eleventh Amendment insulates a state from suit unless the state has expressly waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 100 (1984), or Congress has abrogated the immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abrogated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (per curiam) (citing *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

Therefore, all claims against the State of Alabama must be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1), as these claims

are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Selensky v. Alabama*, 619 F. App'x 846, 848 (11th Cir. 2015) (per curiam) (affirming dismissal of a prisoner's 42 U.S.C. § 1983 complaint as frivolous under § 1915(e)(2)(B)(i) where the Eleventh Amendment prevented the lawsuit). Additionally, the § 1983 claims include requests for monetary damages from an immune defendant, and thus dismissal of these claims also is required under § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

**B.     Judge Goggans:  Absolute Judicial Immunity**

The § 1983 claims against Judge Goggans must be dismissed with prejudice on the basis of absolute judicial immunity.

A state judge has absolute judicial immunity from lawsuits under 42 U.S.C. § 1983 "for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018); *see also Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (per curiam) ("Congress, in enacting section 1983, did not intend to abolish the doctrine of judicial immunity in cases alleging state deprivation of federal constitutional rights."). To break it down, absolute judicial immunity applies when the judge (1) "deal[t] with the plaintiff in his judicial capacity" and (2) did not act in the "clear absence of all jurisdiction." *Dykes*, 776 F.2d at 945 (cleaned up); *accord Washington Mut. Bank v. Bush*, 220 F. App'x 974, 975 (11th Cir. 2007). Absolute judicial immunity applies "regardless of whether

7

[the judge] made a mistake, acted maliciously, or exceeded his authority." *McCullough*, 907 F.3d at 1331.

The first requirement for absolute judicial immunity is satisfied because Judge Goggans acted in his judicial capacity when presiding over Plaintiff's preliminary hearing in his criminal case in the District Court for Elmore County, Alabama. All the allegations against Judge Goggans arise from his actions and rulings during this hearing. The second requirement is met because the state district court had subject matter jurisdiction over the criminal action. Consequently, the § 1983 claims against Judge Goggans must be dismissed with prejudice based on absolute judicial immunity because he acted within his judicial capacity and jurisdiction during Plaintiff's preliminary hearing.

Accordingly, the § 1983 claims against Judge Goggans are "based on an indisputably meritless legal theory" and are therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). Additionally, the claims include requests for monetary damages from an immune defendant, and thus dismissal of these claims is required under §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## C. Investigator Davis: Failure to State § 1983 Claims for False Arrest and Malicious Prosecution and Absolute Immunity for Testimony During Judicial Proceedings

### 1. *False Arrest/Malicious Prosecution*

The allegations, when viewed in the light most favorably to Plaintiff, suggest that Investigator Davis initiated criminal proceedings against Plaintiff for a crime he says he did not commit. These allegations potentially assert claims for false arrest and malicious prosecution under § 1983. Both false arrest and malicious prosecution claims are grounded in the Fourth Amendment's protection against unreasonable seizures, which prohibits arrests made without probable cause. *See Thompson v. Clark*, 596 U.S. 36, 39 (2022) (malicious prosecution); *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (false arrest).

#### a. **False Arrest**

Plaintiff cannot bring a § 1983 claim for false arrest against Investigator Davis. "Under Eleventh Circuit precedent, the issuance of a warrant constitutes legal process, and so a plaintiff who claims false arrest pursuant to a warrant is making a claim of malicious prosecution rather than false arrest." *Giles v. Manser*, 757 F. App'x 891, 895 (11th Cir. 2018); *see also Williams*, 965 F.3d at 1158 ("A claim of false arrest . . . under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests."). Plaintiff alleges that Investigator Davis initiated the charge against him (Doc. # 1 at 4), but he does not state how the charge

9

was initiated. However, this court can take judicial notice of state court proceedings. *See Gonzalez v. Fed. Nat'l Mortg. Ass'n*, 860 F. App'x 693, 695 n.4 (11th Cir. 2021) (citing *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811–12 & n.4 (11th Cir. 2015) ("In any event, we may take judicial notice of documents filed publicly in state court litigation.")). State court records reflect that Plaintiff was arrested pursuant to a warrant.[4] *State of Alabama v. Willie Abner*, DC-2025-000683.00. Because Plaintiff was arrested under legal process, the appropriate claim would be for malicious prosecution rather than false arrest. Therefore, Plaintiff cannot state a plausible § 1983 false-arrest claim, and this claim will be dismissed with prejudice for failure to state a claim upon which relief may granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

      **b.**    **Malicious Prosecution**

To state a Fourth Amendment claim for malicious prosecution under § 1983, a plaintiff "must demonstrate, among other things, that he obtained a favorable termination of the underlying criminal prosecution." *Thompson v. Clark*, 596 U.S. 36, 39 (2022). Plaintiff has not alleged that he obtained a favorable termination of the underlying criminal charge. His request that the charge be dismissed implies that his prosecution is ongoing (Doc. # 1 at 4), and the state court records confirm

---

[4] Consistent with the Eleventh Circuit's "best practice," copies of the relevant state court documents are attached as Exhibit A to this Memorandum Opinion and Order. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020).

that suggestion. Therefore, Plaintiff cannot state a plausible § 1983 malicious-prosecution claim at this time. The claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

> 2. *Absolute Immunity for § 1983 Damages Claims for Testimony by Police Officers in Judicial Proceedings*

Plaintiff alleges that Investigator Davis "lied to Judge Goggans" when he testified at Plaintiff's preliminary hearing. (Doc. # 1 at 3.) Section 1983 does not authorize a damages claim for alleged acts of perjury during judicial proceedings. In *Briscoe v. LaHue*, the United States Supreme Court held that witnesses, including police officers, who testify in judicial proceedings are entitled to absolute immunity, even if their testimony is perjured. 460 U.S. 325, 335–36 (1983). The Supreme Court held that "subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties." *Id.* at 343.

Therefore, the § 1983 claim against Investigator Davis concerning allegedly perjured testimony at Plaintiff's preliminary hearing must be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1), as this claim is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Additionally, the claim includes a request for monetary damages

11

from an immune defendant, and thus dismissal of this claim is required under §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### D. Injunctive Relief Requesting Dismissal of the Pending State Criminal Charge: *Younger* Abstention

Plaintiff seeks injunctive relief in the form of dismissal of the pending state criminal charge. This court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971), to the extent Plaintiff asks this court to enjoin his ongoing state criminal proceedings.

"*Younger* established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing *Younger*, 401 U.S. at 43–45). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with or restrain ongoing state criminal proceedings except in extraordinary circumstances. *See* 401 U.S. at 43–45. Abstention under *Younger* is required when three conditions are met: (1) the state judicial proceeding is ongoing, (2) the proceeding implicates important state interests, and (3) the state provides an adequate opportunity to raise the constitutional challenge. *See id.*

Each of the requisite elements for *Younger* abstention are present in this case. First, Plaintiff's criminal charge is pending before a state court. Second, the criminal prosecution of violations of state law "implicate[s] important interests concerning

12

the state's police power." *Johnson*, 32 F.4th at 1099. Third, Plaintiff may raise his challenges to the sufficiency of the evidence in the pending state criminal proceedings and, if unsuccessful before the trial court and upon conviction, on direct appeal before the state appellate courts. Furthermore, Plaintiff's allegations do not present any extraordinary circumstance justifying this court's intervention, and thus abstention is appropriate at this time.

Because the three conditions for *Younger* abstention are satisfied, and there are no allegations indicating extraordinary circumstances, the court must abstain from considering Plaintiff's claims seeking to enjoin his state criminal proceedings. Therefore, the claim for injunctive relief will be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) ("Dismissals pursuant to the *Younger* abstention doctrine are without prejudice.").

E.      **Futility of Amending the Complaint**

Construing the complaint's allegations favorably to Plaintiff, the court finds that dismissal of the complaint is required for the reasons explained. Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once. *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014). However, a district court is not required to allow an amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (per curiam) (citing *Cockrell v.*

*Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).  An amendment is considered futile, if the complaint, as amended, "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310).  No amendment to this § 1983 complaint could cure the deficiencies related to the applicable immunity doctrines, *Younger* abstention, or the failure to plausibly state claims.  Therefore, leave to amend will not be granted.

## V.  CONCLUSION

Based on the foregoing, Plaintiff's 42 U.S.C. § 1983 complaint fails to survive the mandatory screening required by 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2).  Accordingly, it is ORDERED as follows:

(1)   Plaintiff's claims against the State of Alabama are DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2);

(2)   Plaintiff's claims against Judge Goggans are DISMISSED with prejudice under §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2);

(3)   Plaintiff's § 1983 Fourth Amendment claim for false arrest against Investigator Davis is DISMISSED with prejudice for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

(4)   Plaintiff's § 1983 Fourth Amendment claim for malicious prosecution against Investigator Davis is DISMISSED without prejudice for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

(5) Plaintiff's § 1983 claim against Investigator Davis concerning allegedly perjured testimony at Plaintiff's preliminary hearing is DISMISSED with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii) and 1915A(b)(1)–(2); and

(6) Plaintiff's claim for injunctive relief seeking dismissal of his ongoing state criminal proceedings is DISMISSED without prejudice under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Final Judgment will be entered separately.

DONE this 17th day of December, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE